Alan Harris (SBN 146079)
David Garrett (SBN 160274)
Min Ji Gal (SBN 311963)
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale, California 91203
Telephone:  323.962.3777
Facsimile:  323.962.3004
aharris@harrisandruble.com
dgarrett@harrisandruble.com
mgal@harrisandruble.com

Attorneys for Plaintiffs
William Mann and Alex Rojas

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WILLIAM MANN, ALEX ROJAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABC SIGNATURE, LLC, a Delaware Limited Liability Company; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware Corporation; JAMES M. KAPENSTEIN, an individual,<br><br>Defendants. | Case No. 2:22-cv-06628-SSS-DTBx<br>Assigned to Hon. Sunshine S. Sykes<br><br>(Consolidated with Case No. 2:23-cv-02652-SSS-DTBx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:         July 19, 2024<br>Time:         2:00 p.m.<br>Location:   Courtroom 2, Second Floor<br>                  George E. Brown Federal Bldg<br>                  3470 Twelfth St<br>                  Riverside, CA 92501<br><br>Action Filed: March 9, 2022<br>Removed:      September 15, 2022 |

PTFS' NOT. OF MOT. AND MOT. FOR FINAL APPROVAL OF SETTLEMENT

**TO EACH PARTY AND TO EACH ATTORNEY OF RECORD:  NOTICE IS HEREBY GIVEN** that, on July 19, 2024, at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 2 of the United States District Court for the Central District of California, located at 3470 Twelfth Street, Riverside, California 92501, Plaintiffs William Mann and Alex Rojas will move for an order:

1. Confirming the certification of the Settlement Class for settlement purposes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2. Finally approving the Amended Stipulation of Settlement and Release and Class Notice (the "Settlement") between Plaintiffs and Defendants;

3. Confirming the appointment of Alan Harris, David Garrett, Priya Mohan and Min Ji Gal of Harris & Ruble as Class Counsel; and Plaintiffs as Class Representative for the Settlement Class;

4. Finally approving Class Counsel's application for Class Counsel Fees in the amount of 33 1/3% of the Total Settlement Amount (i.e., $1,600,000) as authorized in the April 10, 2024, Notice to Class (the "Notice");

5. Finally approving Class Counsel's application for litigation costs of $19,973.78, less than the $35,000 "not to exceed" sum referenced in the Notice;

6. Finally approving payment of settlement administration costs to CPT Group, Inc. in the amount of $130,500 as referenced in the Notice;

7. Finally approving payment for the PAGA claim in the total amount of $100,000, allocated 25% to the Aggrieved Employees ($25,000) and 75% to LWDA ($75,000) in settlement of PAGA claims for civil penalties, as referenced in the Notice;

8. Finally approving an incentive award of $5,000, each, to Plaintiffs William Mann and Alex Rojas, a total of $10,000, as referenced in the Notice; and

9. Directing that the [Proposed] Order and [Proposed] Judgment be entered to give finality to the Settlement.

This Motion is made on the following grounds: (1) the Settlement meets all the

PTFS' NOT. OF MOT. AND MOT. FOR FINAL APPROVAL OF SETTLEMENT

requirements for class certification for settlement purposes; (2) Plaintiffs and Plaintiffs' counsel are adequate to represent the Settlement Class; (3) the terms of the Settlement are fair, adequate and reasonable; and (4) the Notice and its distribution to Class Members as undertaken by the Settlement Administrator comports with all applicable due process requirements.  In view of the foregoing, the [Proposed] Order Granting Final Approval of Class Action Settlement and Motion for Award of Attorney's Fees, Reimbursement of Costs and Incentive Awards, and [Proposed] Judgment submitted with this Motion should be entered.

The Motion will be made and based upon this Notice of Motion; the Memorandum of Points and Authorities appended hereto; the concurrently filed Motion for Approval of Attorney's Fees, Costs and Incentive Awards, the Declarations filed herewith; all of the pleadings, papers, and documents contained in the file of the within actions; and such further evidence and argument as may be presented at or before the hearing on the Motion.  This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on June 1, 2023, and on subsequent dates thereafter.

DATED:  April 26, 2024                                     HARRIS & RUBLE

_____

Alan Harris
*Attorneys for Plaintiffs*

PTFS' NOT. OF MOT. AND MOT. FOR FINAL APPROVAL OF SETTLEMENT

# TABLE OF CONTENTS

I.    Introduction and Summary of the Case. ....................................................2

II.    Conditional Class Certification. ........................................................6

III.    Summary of the Proposed Settlement. ......................................................11

    A.    The Settlement Amount and the Payments to Settlement Class Members. ............................................................................12

    B.    The Appointment of Class Counsel and the Settlement Administrator.......................................................................12

    C.    Attorney's Fees and Costs....................................................13

    D.    Class Notice and Request for Exclusion. ...........................................13

    E.    The Proposed Plaintiffs' Class Representative Service Payment. ......14

    F.    Releases. ......................................................................15

    G.    Uncashed Checks. .............................................................16

IV.    The Settlement Is Fair, Reasonable, and Adequate.....................................17

V.    Conclusion. ................................................................................19

## TABLE OF AUTHORITIES

**Cases**

7-Eleven Owners for Fair Franchising,
    85 Cal. App. 4th 1135 (2000) ................................................... 21

2019 WL 4452961 (C.D. Cal. Jun. 17, 2019) .................................... 14

Amchem Prods.,
    521 U.S. 591 (1997) ............................................................. 11

Arrendondo v. Delano Farms Co., No. CV-F 09-1247 LJO DLB,
    2011 WL 1486612 (E.D. Cal. Apr. 19, 2011) ............................... 11

Bell v. Farmers Ins. Exchange,
    115 Cal. App. 4th 715 (2004) ................................................ 12

Bogosian v. Gulf Oil Corp.,
    621 F. Supp. 27 (E.D. Pa. 1985) ............................................ 17

Burns v. Elrod,
    757 F.2d 151 (7th Cir. 1985) ................................................ 16

Crab Addison, Inc. v. Superior Court,
    169 Cal. App. 4th 958 (2008) ............................................ 18, 19

Ellis v. Costco Wholesale Corp.,
    657 F.3d 970 (9th Cir. 2011) ................................................ 13

Hale v. Morgan,
    22 Cal. 3d 388 (1978) ......................................................... 20

Hanlon v. Chrysler Corp.,
    150 F.3d ................................................................... 12, 13

Hanon v. Dataprods. Corp.,
    976 F.2d 497 (9th Cir. 1992) ................................................ 12

Harris v. Vector Mktg. Corp.,
    No. C-08-5198 EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ...... 10

Hopson v. Hanesbrands, Inc.,
    No. CV 08-0844 EDL, 2008 WL 3385452 (S.D. Cal. Apr. 13, 2009) ...... 14

In re Cmty. Bank of N. Virginia,
    622 F.3d 275–12 (3d Cir. 2010) ............................................ 21

In re Hyundai & Kia Fuel Econ. Litig.,
    926 F.3d 539 (9th Cir. 2019) ................................................ 11

PLAINTIFFS'~ NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

In re Zynga Inc. Secs. Litig.,
  2015 WL 6471171 (N.D. Cal. Oct. 27, 2015) ........................................... 10

Levya v. Medline Indus., Inc.,
  716 F.3d 510 (9th Cir. 2013) ................................................................ 9

Linney v. Cellular Alaska P'ship,
  151 F.3d 1234–40 (9th Cir. 1998) ........................................................ 21

Morrison v. Am. Nat'l Red Cross
  No. 19-cv-02855-HSG, 2021 U.S. Dist. LEXIS 4043 (N.D. Cal. Jan. 8, 2021,) ....... 17

Nordstrom Comm'n Cases,
  186 Cal. App. 4th 576 (2010) .............................................................. 14

Rodriguez v. Hayes,
  591 F.3d 1105 (9th Cir. 2010) ............................................................. 12

Rodriguez v. W. Publ'g Corp.,
  563 F.3d 948 (9th Cir. 2009) ....................................................... 10, 21, 22

Schwanke v. Minim Prods., Inc.,
  No. 2:21-CV-00111, 2021 WL 4924772 (C.D. Cal. May 24, 2021) ................... 20

Sheppard v. Consol. Edison Co. of N.Y., Inc.,
  2002 U.S. Dist. LEXIS 16314 at *16 (E.D.N.Y. filed Aug. 1, 2002) .............. 17

St. Marie v. Eastern R.R. Ass'n.,
  72 F.R.D. 443 (S.D.N.Y. 1976) ............................................................. 17

Van Vraken v. Atlantic Richfield Co.,
  901 F. Supp. 294 (N.D. Cal. 1995) ....................................................... 17

Wal-Mart Stores, Inc. v. Dukes,
  564 U.S. 338 (2011) ...................................................................... 9, 11

Wang v. Chinese Daily News, Inc.,
  231 F.R.D. 602 (C.D. Cal. 2005) ......................................................... 17

PLAINTIFFS'~ NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction and Summary of the Case.

Plaintiffs William Mann and Alex Rojas respectfully request that this Court grant final approval of the $4,800,000 resolution and the Parties' Amended Stipulation of Settlement and Release (the "Settlement" or "Settlement Agreement") entered between Plaintiffs, on behalf of the absent class members Plaintiffs seek to represent, on the one hand, and Defendants ABC Signature, LLC ("ABCSL") and Twentieth Century Fox Film Corporation ("TCFFC"), on the other.  A true and correct copy of the fully executed Amended Stipulation of Settlement and Release, preliminarily approved by the Court, is attached as **Exhibit 1** to the April 26, 2024, Declaration of Alan Harris ("AH Decl.") filed herewith.

The Settlement is the result of a lengthy, arms length negotiation by experienced, competent counsel, all Parties ultimately accepting a Mediator's Proposal from Lynn Frank, a highly experienced neutral, familiar with California wage and hour class actions. The Settlement is fair, adequate, and reasonable, warranting approval.[1]

This Motion requests that the Court grant final approval of a Total Settlement Amount totaling $4,800,000 to be distributed amount approximately 28,170 class members.  This Settlement represents a gross recovery of some $170.39 per class member (=$4,800,000/28,170).  If all costs are approved, the Class will receive on average a net payment of approximately $104.35, each. The lowest payment is $10.00 and the highest payment is $1,310.16, with variations based on total days worked.  April 24, 2024, Declaration of Emilio Cofinco ("CPT Declaration") ¶ 16.  The foregoing represents a substantial improvement over a companion case involving two other Disney subsidiaries (Pacific 2.1 Entertainment Group, Inc., ABC Signature, Inc. and Minim Productions, Inc.)

---

[1] To date, there are but a handful of opt-outs and no substantive Objections. April 24, 2024, Declaration of Emilio Cofinco ("CPT Declaration") ¶¶ 12-14.  The May 25, 2024, deadline for Class Members to submit an objection, or to opt out of this Settlement, is a month away, the ultimate reaction of the Class to the Settlement is not yet known. To address any substantive objections and opt outs, Plaintiffs will file a Supplemental Memorandum once the Notice period has passed.

settled last year on behalf of 18,552 Settlement Class Members for $2,250,000, a gross recovery of $121.28 per person.  AH Decl. ¶ 6.  In the present cases, Defendants cooperated in achieving a reasonable, fairly prompt resolution for a matter of this complexity.  The Settlement warrants approval.

This is a PAGA law enforcement and class action, seeking unpaid wages, damages, penalties, civil penalties and attorneys' fees and costs, against TCFFC and ABCSL.[2] Plaintiffs' Second Amended Complaint ("SAC") [ECF Doc. 32] was filed after the Court's June 1, 2023, ruling that Rojas be related to Mann.  The SAC alleges and the Parties seek to settle the following claims against Defendants:  the California Business & Professions Code, and the following provisions of the California Labor Code (the "Code"):  (1) §§ 201.3, 201.5, and 203 Continuing Wages; (2) § 226(a), Failure to Provide Compliant Wage Statements; (3) §§ 226.7, 512 and Wage Order No. 12, Failure to Provide Meal Breaks; § 226.7 and Wage Order No. 12, Failure to Provide Rest Breaks; (4) § 510, 515, and 1194 Failure to Provide Pay Proper Overtime; (5) §§ 1194 and 1198 Failure to Provide Pay Proper Minimum Wages; (6) Code § 2802, Failure to Reimburse Business Expenses, including cell phone expenses; (7) §§ 2698, *et seq.,* Civil Penalties under PAGA; and (8) the Fair Labor Standards Act ("FLSA").

On June 1, 2023, the Parties attended a private mediation with experienced class action Mediator Lynn Frank.[3]  AH Decl. ¶ 19.  The Parties accepted a Mediator's Proposal resulting in the execution of a Memorandum of Agreement.  Id.  After mediation, the parties memorialized their compromise in the present, Settlement Agreement.  AH Decl. Ex. 1.

The cases were consolidated on October 17, 2023 [ECF Doc. 39].  The Motion for Preliminary Approval was heard on November 17, 2023. After the matter was taken

---

[3] "Ms. Frank has specialized exclusively in the mediation of complex disputes since 1987. She has successfully mediated over one thousand matters covering . . . employment . . . wage and hour class action . . . and entertainment [industry matters]. Ms. Frank currently serves as an Appellate Mediator for the First District Court of Appeals in California." https://frankandfeder.com/lynn-frank/ (last accessed April 23, 2024).

under submission [ECF Doc. 48], the Parties agreed to exclude the FLSA claim from the Settlement. Accordingly, the settlement was amended. However, there was no decrease to the Total Settlement Amount (or any other substantive change). Due to this amendment, the full amount of the funds will be distributed to the Class Members without need for an opt-in process, reducing administrative costs. AH Decl. ¶ 16. On March 3, 2024, the Court granted preliminary approval [ECF Doc. 58].

The parties have engaged in significant investigation of the facts at issue, and have exchanged extensive documents and data, all of which allowed the Parties to fully assess the value of the claims involved. This Agreement comes after almost three years of litigation and intense settlement negotiations, including a full day of mediation and many subsequent conference calls and follow up conferences. AH Decl. ¶ 18. All of the foregoing was informed by prior class-wide litigation against The Walt Disney Company, Twentieth Century Fox and other of their subsidiaries.

It is respectfully requested that the $4,800,000 Total Settlement Amount be divided, as follows: $2,939,526.22 to Class Members; attorneys' fees of $1,600,000 and reimbursement of counsel's costs of $19,973.78; Incentive Award of $5,000 to each Plaintiff totaling $10,000; LWDA PAGA payment of $75,000 to the LWDA and $25,000 to the Aggrieved Employees; and $130,500 for settlement administration by CPT Group, Inc.

## II.    Conditional Class Certification.

A party seeking to certify a class must demonstrate that he has met the "four threshold requirements of Federal Rule of Civil Procedure 23(a): (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation." Levya v. Medline Indus., Inc., 716 F.3d 510, 512 (9th Cir. 2013). Once these prerequisites are satisfied, the Court must consider whether the proposed class can be maintained under at least one of the requirements of Rule 23(b). Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 345 (2011). Plaintiffs, here, seek certification pursuant to Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions

affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P.23(b)(3). Concerns about the rights of absent class members has been satisfied by an initial, careful fairness review of the settlement, by Plaintiffs' counsel and the trial court.

Class Certification does not require that each Class Representatives have claims that are identical to those of the absent members. Here, the settlement class is limited to employees who work on differing film productions, but routinely under the same formal rules and industry-wide, informal practices. Each proposed Class Representative is typical of the others who were employed by the same Defendants insofar as they were all employed during the time that the payroll issues occurred and had similar treatment.

The Parties completed informal discovery, including the exchange of hundreds of pages of documents, the exchange of extensive class data, eventually reaching a settlement after months of further negotiations. In other words, only after significant analysis of the claims by all counsel, and the assistance of an experienced wage and hour mediator— Lynn Frank — did the Parties enter into the arms-length Settlement. AH Decl. ¶ 19. The formal mediation session took place on June 1, 2023. Id. That process and investigation strongly supports approval of this Settlement. See Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution, and have never prescribed a particular formula by which that outcome must be tested.") (citations omitted); In re Zynga Inc. Secs. Litig., 2015 WL 6471171, at *9 (N.D. Cal. Oct. 27, 2015) (holding that the parties' use of mediator and fact that significant discovery had been conducted "support the conclusion that the Plaintiff was appropriately informed in negotiating a settlement"); Harris v. Vector Mktg. Corp., No. C-08-5198 EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (noting that the parties' use of a mediator "suggests that the parties reached the settlement in a procedurally sound manner and that it was not the result of collusion or bad faith."). William Mann and Alex Rojas join their counsel in the belief that this Settlement is fair and reasonable for absent Class Members.

1    April 24, 2024, Declaration of William Mann ("Mann Decl.") ¶ 7; April 24, 2024,

2    Declaration of Alex Rojas ("Rojas Decl.") ¶ 7; AH Decl. ¶¶ 5-9.

3        ***Numerosity.***  The numerosity requirement is satisfied when "joinder of all

4    members is impracticable." Fed. R. Civ. P. 23(a)(1).  There are 28,170 individuals in the

5    Class.  CPT Decl. ¶ 6.  Thus, the class is sufficiently numerous so as to make joinder

6    impracticable. The Class Members are ascertainable, as each was compensated through

7    established, formal onboarding procedures and paid via Defendants' entertainment-

8    industry, specialist payroll companies.  The Class Members have been identified through

9    Defendants' employment records, meeting the requirement of ascertainability.

10        ***Common Issues of Fact and Law Predominate***.  The commonality requirement is

11    also met for settlement purposes.  In this regard, Plaintiffs are not required to show

12    commonality on *every* factual and legal issue; rather, "for purposes of Rule 23(a)(2), even

13    a single common question will do." Wal-Mart Stores, Inc., 564 U.S. at 359 (internal

14    quotations and alterations omitted).  Further, courts have found that "[t]he existence of

15    shared legal issues with divergent factual predicates is sufficient, to satisfy commonality

16    under Rule 23 as is a common core of salient facts coupled with disparate legal remedies

17    within the class." Smith v. Cardinal Logistics Mgmt. Corp., No. 07-2104 SC 2008 WL

18    4156364, at *5 (N.D. Cal. Sept. 5, 2008).  Individualized or deviating facts will not

19    preclude class treatment if most class members were subjected to a policy in a way that

20    gives rise to consistent liability or lack thereof.  See Arrendondo v. Delano Farms Co.,

21    No. CV-F 09-1247 LJO DLB, 2011 WL 1486612, at *15 (E.D. Cal. Apr. 19, 2011).

22    Importantly, "whether a proposed class is sufficiently cohesive to satisfy Rule 23(b)(3) is

23    informed by whether certification is for litigation or settlement.  A class that is certifiable

24    for settlement may not be certifiable for litigation if the settlement obviates the need to

25    litigate individualized issues that would make a trial unmanageable." In re Hyundai &

26    Kia Fuel Econ. Litig., 926 F.3d 539, 558 (9th Cir. 2019); see also Amchem Prods., 521

27    U.S. 591, 618-20 (1997).  Thus, where the matter is being settled, a showing of

28    manageability at trial is unnecessary. Id.

Here, as to each and every member of the class, the following issues are common:

1.    Whether Defendants failed to timely pay all accrued final wages upon separation or discharge under Code section 203.
2.    Whether Defendants failed to timely pay all accrued wages, resulting in liability for payment of liquidated damages under Code section 1194.2.
3.    Whether Defendants failed to provide proper wage statements, in derogation of Code section 226(a).
4.    Whether Defendants failed to provide proper meal and rest breaks, as required by Wage Orders 4 and/or 12, as well as Code sections 226.7 and 512.
5.    Whether the alleged violations of the Code give rise to PAGA civil penalties under Code section 1198 et seq.

All of these issues are common to the Class as a whole. The only significant "individual" or "non-common" issues are the specific dollar amounts of recovery to which each Class Member is entitled. However, it is Plaintiffs' position that this variation cannot defeat class certification, as the individual assessment of damages is commonly required in all class-actions. Bell v. Farmers Ins. Exchange, 115 Cal. App. 4th 715, 743 (2004) ("[T]he necessity for an individual determination of damages does not weigh against class certification. The community of interest requirement recognizes that ultimately each class member will be required in some manner to establish his individual damages[;] . . . a class action is not inappropriate simply because each member of the class may at some point be required to make an individual showing as to his or her eligibility for recovery or as to the amount of his or her damages.") (internal citations omitted).

***Typicality***. "Like the commonality requirement, the typicality requirement is 'permissive.'" Rodriguez v. Hayes, 591 F.3d 1105, 1124 (9th Cir. 2010). The typicality requirement is satisfied where the named plaintiff is a member of the proposed class and her claims are "reasonably coextensive with those of the absent class members," though "they need not be substantially identical." Fed. R. Civ. P. 23(a)(3); Hanlon v. Chrysler Corp., 150 F.3d at 1020; Hanon v. Dataprods. Corp., 976 F.2d 497, 508 (9th Cir. 1992). Typicality turns on "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other

1  class members have been injured by the same course of conduct." <u>Ellis v. Costco</u>

2  <u>Wholesale Corp.</u>, 657 F.3d 970, 984 (9th Cir. 2011) (quoting <u>Hanon</u>, 976 F.2d at 508).

3      Here, Plaintiffs' claims are similar, if not virtually identical, to those Plaintiffs seek

4  to represent, all of whom worked as hourly, production crew employees during the Class

5  Period, and all of whom were allegedly subject to untimely wages, meal and rest break

6  violations, and wage statement violations.  Mann Decl. ¶¶ 3-4; Rojas Decl. ¶¶ 3-4.  All

7  have a common interest in holding Defendants responsible for any amounts that may be

8  owed to them under the provisions of the Code.  Mann Decl. ¶¶ 9-12; Rojas Decl. ¶¶ 9-12;

9  AH Decl. ¶ 17.

10      ***The Named Plaintiffs and Plaintiffs' Counsel Are Adequate.***  A class

11  representative must be able to "fairly and adequately represent the interests of the class."

12  Fed. R. Civ. P. 23(a)(4).  This requirement is satisfied if (1) the proposed representative

13  plaintiff does not have conflicts of interest with the proposed class, and (2) plaintiff is

14  represented by qualified and competent counsel.  <u>Hanlon</u>, 150 F.3d at 1020.  Plaintiffs are

15  adequate class representatives.  Plaintiffs have no known conflict of interest with any

16  Class Members, as Plaintiffs share the same desire to be made whole under the Code.

17  Plaintiffs are demonstrably committed to pursuing the claims of the Class Members, and

18  Plaintiffs' motivation in retaining counsel and pursuing this action has solely been to

19  collect owed amounts for Plaintiffs and Plaintiffs' fellow Class Members.  Mann Decl. ¶¶

20  9-12; Rojas Decl. ¶¶ 9-12; AH Decl. ¶¶ 22-23.

21      The qualifications of class counsel are set forth in the accompanying Harris

22  Declaration.  AH Decl. ¶¶ 24-27.  Those qualifications should assure the Court that the

23  interests of the unnamed Class Members will be adequately and vigorously represented.

24  Suffice it to say that H&R has recovered millions of dollars for employee class members

25  in myriad wage-and-hour cases.  Under the circumstances, this Court can be assured that

26  H&R will adequately discharge its responsibilities as Class Counsel.  H&R have no

27  known conflicts.  AH Decl. ¶ 22.

28

**III.    Summary of the Proposed Settlement.**

The Settlement will result in the creation of a $4,800,000 settlement fund for the Class. AH Decl. Ex. 1 at ¶ 15. (a).  Those covered by this Settlement include:

> [A]ll individuals employed by Defendants in California as a non-exempt employee during the Class Period.  The Class Period for any Class Member employed by both of the Defendants shall commence on the earliest date of the Class Period that applies to the Class Member.

> The "Class Period" for identifying Class Members (as defined below) means the period from (1) February 10, 2018 for any Class Member formerly or currently employed by TCFFC, and (2) March 9, 2018 for any Class Member formerly or currently employed by ABCSL, and continuing through the earlier of the date of preliminary court approval of this settlement reflected in this Agreement (the "Settlement"), or the date on which the number of unique individual Class Members exceeds 34,640, if earlier.

AH Decl. Ex. 1 (Settlement Agreement), ¶¶ 4, 6.  The Total Settlement Amount will be used to pay (a) attorney's fees (33 1/3% or $1,600,000) and costs ($19,973.78) as awarded by the court, (b) 75% of the $100,000 allocated to PAGA penalties to the LWDA ($75,000),[4] (c) the Administration Costs ($130,500), and (d) any Class Representative Service Payment as awarded by the Court to Plaintiffs for Plaintiffs' services in connection with bringing and maintaining Plaintiffs' actions ($10,000, total). AH Decl.  Ex. 1 at ¶¶ 15 (a), (d), (e), (f), (g).  The remainder is the Net Settlement Proceeds of $2,939,526.22 and the 25% of the PAGA Penalties to be distributed to the Aggrieved Employees.  As virtually all of the earned wages have been paid, the portion allocated as penalties and interest claims are 80% of the total.  AH Decl. Ex. 1, at ¶ 15. (c).  Based on Plaintiffs' review of the data, it is Plaintiffs' view that only small amounts of wages may not have been paid at all.  Defendants contend that all wages were paid.

---

[4] The allocation to the PAGA payment should be approved.  AH Decl. Ex. 1 ¶ 15. (d). The Parties have allocated $100,000 as the PAGA payment, just over 2 percent of the Total Settlement Amount.  From the PAGA payment, 75% ($75,000), will be transmitted to the LWDA and 25% ($25,000) will be distributed to the Aggrieved Employees.  The settlement of the claims for penalties under PAGA is reasonable.  See, e.g., Alcala v. Meyer Logistics, Inc., No. CV 17-7211 PSG (AGRx), 2019 WL 4452961, at *9 (C.D. Cal. Jun. 17, 2019) (approving PAGA settlement of **1.25 percent**); Hopson v. Hanesbrands, Inc., No. CV 08-0844 EDL, 2008 WL 3385452, at *1 (S.D. Cal. Apr. 13, 2009) (approving a PAGA settlement of **0.3 percent**); Nordstrom Comm'n Cases, 186 Cal. App. 4th 576, 589 (2010) (approving settlement of wage and hour class action claims and PAGA claims under which **no money** was allocated to the PAGA claims.)

*A.     The Settlement Amount and the Payments to Settlement Class Members.*

In sum, the maximum potential recovery for Class Members for damages and statutory penalties is detailed in the Harris Declaration of September 29, 2023 in support of the Motion for Preliminary Approval at ¶ 17.  The Settlement Agreement memorializes an outstanding recovery of 7% of the theoretical maximum, particularly in light of the fact that this case is, substantially, a pure penalty matter.  A significant reduction in possible PAGA penalties is warranted in this case, one in which Defendants acted in good faith in its efforts to address the issues that led to this lawsuit and participated in good faith in mediation.

Approximately $2,939,526.22 will be distributed to Class Members who did not opt out.  All Participating Class Members will receive an Individual Settlement Payment based on the Total Class Periods Worked.

(i)     "Total Class Pay Periods Worked" will be the total number of pay periods during which Class Members worked for any of the Defendants on at least one workday, during the Class Period and received a wage statement, according to the records of Defendants.  "Individual Class Pay Periods Worked" will be the total number of pay periods during which a Class Member worked for any of the Defendants on at least one workday, during the Class Period and received a wage statement, according to the records of Defendants; and

(ii)     "The Individual Settlement Payment" will be based on a ratio of the Total Class Pay Periods Worked to the Individual Class Pay Periods Worked, calculated by dividing the Individual Class Pay Periods Worked of a Class Member by the Total Class Pay Periods Worked of all Class Members during the Class Period and multiplying this result by the Net Settlement Proceeds.  However, the distribution formula may be modified so that no participating Class Member receives a payment of less than $10.

AH Decl. Ex. 1 ¶ 15. (b)(i)-(ii).

*B.     The Appointment of Class Counsel and the Settlement Administrator.*

The Parties have stipulated to the appointment of H&R as Class Counsel.  The qualifications of Class Counsel are set forth in the accompanying Harris Declaration.  AH Decl. ¶¶ 24-27.  Subject to Court approval, the Parties agreed to the appointment of CPT Group, Inc. as the Settlement Administrator to provide Notice and to administer the

1  settlement.  As detailed in the CPT Declaration, it discharged its duties, and will
2  complete the process.

3         **C.**      ***Attorney's Fees and Costs.***

4         The Settlement provides that Class Counsel's fees and costs shall be paid from the
5  settlement fund, to be approved and ordered by the Court after consideration of Class
6  Counsel's application for attorney's fees and costs.  AH Decl. Ex. 1 at ¶ 15. (f).  The
7  Settlement Agreement provides for recovery of litigation fees of up to $1,600,000 and
8  reimbursement of reasonable costs of up to $35,000.  The requested amount of
9  $19,973.78 is less than that amount.  AH Decl. Ex. 3.  The Class Notice advised Class
10  Members of these amounts and provided that Class Members will have an opportunity to
11  object, even providing a form to assist in the process.  Class Counsel has filed herewith a
12  motion seeking an award of fees and costs along with these final-approval papers.
13  Compensation for Class Counsel was not a subject for bargaining either before or during
14  the mediation.  Mediator Frank addressed the topic only in her written recommendation,
15  simultaneously distributed to the Parties without any bargaining, then or later. AH Decl. .
16  In short, fees, costs (and any awards to the Class Representatives) were and are matters
17  left entirely to this Court's discretion.

18         **D.**      ***Class Notice and Request for Exclusion.***

19         Before the Court may grant final approval of a proposed class-action settlement,
20  adequate Notice of the settlement must be provided to the class members.  Fed. R. Civ. P.
21  23(e)(1).  Class members should be given "the best notice practicable under the
22  circumstances, including individual notice to all members who can be identified through
23  reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  The notice may be by United States mail
24  or other appropriate means. <u>Id.</u> The "best notice practicable" does not require receipt of
25  actual Notice by all class members in order to comport with both Rule 23 and the
26  requirements of due process, but it often includes (as in this case) direct Notice to class
27  members who can be identified by regular mail.  <u>See, e.g.</u>, <u>Burns v. Elrod</u>, 757 F.2d 151,
28  154 (7th Cir. 1985).  Notice to Class Members was by first-class mail.  CPT Declaration

¶ 8.  The Notice accurately and adequately described the Settlement and informed the Members of the Class of their right to object to any aspect of it, including the fees to be sought by Class Counsel.  Each member of the Class will have forty-five days from the date of mailing to request exclusion.  The mailing of Notice was the best means of giving Notice under the circumstances.

### E.    The Proposed Plaintiffs' Class Representative Service Payments.

The Settlement provides to Plaintiffs William Mann and Alex Rojas an Individual Class Payment as a Class Member and an additional Class Representative Service Payment of up to $5,000 for each Plaintiff on account of the services that they have rendered to the Settlement Class in bringing this litigation and on account of the time devoted in support of the process.  AH Decl. Ex. 1 ¶ 15. (e).  Incentive awards "are not uncommon and can serve an important function in promoting class action settlements." Sheppard v. Consol. Edison Co. of N.Y., Inc., 2002 U.S. Dist. LEXIS 16314 at *16 (E.D.N.Y. filed Aug. 1, 2002).  In the Ninth Circuit many courts have found $5,000 presumptively reasonable. See Morrison v. Am. Nat'l Red Cross 2021 U.S. Dist. LEXIS 4043, at *24 (N.D. Cal. Jan. 8, 2021, No. 19-cv-02855-HSG) (citing cases).  It is appropriate to provide a payment to class representatives for his or his services to the class.  Van Vraken v. Atlantic Richfield Co., 901 F. Supp. 294, 299 (N.D. Cal. 1995); Wang v. Chinese Daily News, Inc., 231 F.R.D. 602, 614 (C.D. Cal. 2005) ("Proceeding by means of a class action avoids subjecting each employee to the risks associated with challenging an employer"); Bogosian v. Gulf Oil Corp., 621 F. Supp. 27, 32 (E.D. Pa. 1985); St. Marie v. Eastern R.R. Ass'n., 72 F.R.D. 443, 449 (S.D.N.Y. 1976) ("The risks entailed in suing one's employer are such that the few hardy souls who come forward should be permitted to speak for others when the vocal ones are otherwise fully qualified"), rev'd on other grounds, St. Marie v. Eastern R.R. Ass'n., 650 F.2d 395 (2d Cir. 1981).

In light of Plaintiffs' willingness to come forward with this action on behalf of the Class, and in light of Plaintiffs' efforts in advancing the litigation, this proposed payment

is reasonable.  Plaintiffs obtained the services of counsel, conferred with counsel and assisted in gathering information and documents for the prosecution of the lawsuit. Plaintiffs spent a considerable amount of time conferring with Counsel, providing factual background and support, analyzing and providing data, and consulting Counsel before and after the full-day mediation.  Mann Decl. ¶ 5; Rojas Decl. ¶ 5.  In doing so, Plaintiffs have successfully brought and maintained claims that may have never been brought.  See Crab Addison, Inc. v. Superior Court, 169 Cal. App. 4th 958, 971 (2008) ("Current employees suing their employers run a greater risk of retaliation. . . . individual litigation may not be a viable option . . . [In addition], employees may be unaware of the violation of their rights and their right to sue.").  Plaintiffs should be compensated accordingly.

### F.    Releases.

The Settlement provides for a limited release for Class Members.  The Settlement provides that "[e]ffective on the date when Defendants fully fund the entire Total Settlement Amount and fund all employer payroll taxes owed on the wage portion of the Individual Class Payments, Plaintiffs, Class Members, and Class Counsel will release claims against all Released Parties as follows:

> Upon entry of final judgment and funding of the Total Settlement Amount, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Class Members (other than those who timely request to be excluded in accordance with the terms of the Settlement) will release and discharge Defendants, and all of Defendants' current and former parents, subsidiaries, and affiliates, and its current and former officers, directors, employees, partners, shareholders and agents, and the predecessors and successors, assigns, and legal representatives of all such entities and individuals (the "Released Parties"), from any and all wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, including, but not limited to, statutory, constitutional, contractual or common law claims for unpaid wages, damages, unreimbursed business expenses, civil and statutory penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief within the following categories of allegations in the Lawsuit and/or arising from those allegations: (a) failure to pay wages, including unpaid minimum wages and overtime premium pay; (ii) failure to correctly calculate the regular rate for overtime pay and/or payments for non-complaint meal and/or rest periods; (iii) failure to provide meal and/or rest periods in accordance with applicable law, including payments for meal and/or rest periods; (iv) unreimbursed business expenses; (v) failure to timely pay wages, both during employment and upon termination of employment; (vi) failure to provide accurate itemized wage

statements; and (vii) all civil and statutory penalties, other than PAGA penalties ("Class Members' Released Claims") arising from February 10, 2018, through the date of final court approval of the Settlement ("Class Release Period"). The Class Members' Released Claims include without limitation claims meeting the above definition(s) under any and all applicable statutes, including without limitation the California Labor Code §§ 96 through 98.2, et seq.; the California Payment of Wages Law, California Labor Code §§ 200, et seq., including California Labor Code §§ 201, 202, 203, 204, 226(a), 226.2, and 226.7 in particular; California Working Hours Law, California Labor Code §§ 500, et seq., and §§ 510, 512, and 550-554 in particular; California Labor Code §§ 1194, 1197, and 1197.1; California Labor Code §§ 2802 and 2804; the California Unfair Competition Act, and in particular, California Bus. & Prof. Code §§ 17200, et seq.; PAGA; California Civil Procedure Code § 1021.5; and any other provision of the California Labor Code or any applicable California Industrial Welfare Commission Wage Orders, in all of their iterations.

AH Decl. Ex. 1 ¶ 18. The release for PAGA Aggrieved Employees is as follows:

[U]pon entry of final judgment and funding of the Total Settlement Amount, all their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, the Released Parties from all claims for PAGA penalties that were alleged, or reasonably could have been alleged based on the PAGA-related facts alleged in the Lawsuits, and Plaintiffs' PAGA notices to the LWDA, including for (a) failure to pay wages, including unpaid minimum wages and overtime premium pay; (ii) failure to correctly calculate the regular rate for overtime pay and/or payments for non-complaint meal and/or rest periods; (iii) failure to provide meal and/or rest periods in accordance with applicable law, including payments for meal and/or rest periods; (iv) unreimbursed business expenses; (v) failure to timely pay wages, both during employment and upon termination of employment; and (vi) failure to provide accurate itemized wage statements ("Aggrieved Employees' Released Claims") arising from February 10, 2021, through the date of final court approval of the Settlement ("PAGA Release Period"). All Aggrieved Employees shall be deemed to have finally and forever released the Released Parties from the Aggrieved Employees' Released Claims, even if they validly exclude themselves from the Class Settlement and/or do not accept or cash their Individual Settlement Payments.

Id.

### G. Uncashed Checks.

The Settlement Agreement provides that for any Class Member whose check is uncashed and cancelled after the 180-day void date, the Administrator shall inform the Parties of the total amount of uncashed checks. Because the parties intend to provide as

much relief as practicable to the Class Members, the Parties will facilitate a second distribution to the Class Members who cashed their checks during the first round (the "Second Distribution").

First, the amounts represented by uncashed checks, together with the shares of any Class Members who opt-out, will be donated to Inclusion Matters by Shane's Inspiration, a non-profit disabled children's advocacy and support organization (the "Cy Pres Recipient"). Then, in the event the total amount of uncashed checks exceeds $50,000, the amount that exceeds $50,000 shall be equally divided and paid to those Class Members who cashed their initial checks, with any uncashed, second checks being distributed to the Cy Pres Recipient. AH Decl. Ex. 1 ¶ 30.

## IV. The Settlement Is Fair, Reasonable, and Adequate.

The proposed Settlement is fair, reasonable, and adequate. Here, in Plaintiffs' view, there is a strong case to find liability for the untimely payment of wages. Defendants, however, deny each of Plaintiffs' allegations in the operative pleading and admit no wrongdoing. For example, Defendants contend that no damages are owed for the "untimely" payment of wages because the wages were not paid late, or not paid late with willful intent. Defendants may further argue that any claims for late payments by union employees are entirely preempted because the applicable agreements provide alternative pay arrangements. Schwanke v. Minim Prods., Inc., No. 2:21-CV-00111, 2021 WL 4924772, at *3-6 (C.D. Cal. May 24, 2021) (waiting time claim preempted where Section 201.5 CBA exception applied).

Defendants could likewise assert that section 203, as with all penalty statutes, is strongly disfavored, must be narrowly construed, and that no waiting time penalties are owed since all wages were paid and if any wages are owed, there was no willful failure to pay said wages. See Hale v. Morgan, 22 Cal. 3d 388, 405 (1978). The same could be said with respect to Plaintiffs' paystub claim under section 226 of the Code. Here, in the context of a settlement, a substantial reduction in PAGA penalties is warranted. Defendants participated in good faith in early mediation, and here much of the possible

1   penalties accrue for an alleged violation of section 226(a) of the Code which, if the case
2   proceeded to trial, might not be found to be a violation at all.

3       With regard to the missed meal and rest break claims based on the requirement that
4   employees respond to calls or their walkie talkies, Defendants claim that it never directed
5   employees to keep devices on during breaks.  Defendants will also argue that such claims
6   require individualized inquiries that make class certification impossible.

7       Furthermore, as a class action, this case presents a clear risk of lengthy and
8   expensive litigation.  It would probably be another two years before this case went to trial
9   so that, *inter alia*, the Parties could properly complete class discovery, Plaintiffs could
10  file a motion for certification, and the Parties could file cross-motions for summary
11  judgment.  Based on case law—especially since Defendants did not appear to act in
12  egregious bad faith toward the Settlement Class—in a case of this nature it is appropriate
13  to substantially discount penalties and civil penalties.  E.g., Rodriguez, 563 F. 3d at 955
14  (9th Cir. 2009) (antitrust); In re Cmty. Bank of N. Virginia, 622 F.3d 275, 311–12 (3d
15  Cir. 2010), as amended (Oct. 20, 2010) (illegal home equity lending scheme).

16      The Parties have, in fact, conducted extensive informal discovery and
17  investigation.  Defendants provided Plaintiffs relevant information regarding the
18  employment records of Plaintiffs and the Class, including hundreds of pages of
19  documents.  The class payroll data were carefully analyzed by Plaintiffs' Counsel.  AH
20  Decl. ¶ 19.  Of course, the law makes clear that exhaustive, protracted, and costly
21  discovery need not be conducted in a class action before a settlement can be reached.  7-
22  Eleven Owners for Fair Franchising, 85 Cal. App. 4th 1135, 1150 (2000).  "In the context
23  of class action settlements, 'formal discovery is not a necessary ticket to the bargaining
24  table' where the parties have sufficient information to make an informed decision about
25  settlement . . . .  '[N]otwithstanding the status of discovery, Plaintiffs' negotiators had
26  access to a plethora of information regarding the facts of their case.'"  Linney v. Cellular
27  Alaska P'ship, 151 F.3d 1234, 1239–40 (9th Cir. 1998) (citations omitted).  Here, there
28  was sufficient investigation conducted to permit counsel to negotiate and agree to the

Settlement.

With the proposed settlement, participating Class Members will look to receiving shares of a gross fund totaling $4,800,000, less the amount awarded to Class Counsel for fees and costs, administration fees, PAGA Payment, and the Class Representative Service Payment to the named Plaintiffs.  <u>Rodriguez v. West Publishing Corp.</u>, 563 F. 3d 948 (9th Cir. 2009), establishes that class settlements of this nature should focus on the recovery of *actual losses* rather than recovery of *penalties* (such as Plaintiffs' claims under sections 203 and 226 of the Code).  Viewed in that light, and accessing the general amount that shall be recovered by each Class Member, the Settlement is entirely reasonable.

The reaction of Class Members is not yet known as the Notice period has not yet elapsed. Nevertheless, Class Counsel is of the view that the Settlement is reasonable for all involved.  Again, Class Counsel has substantial experience in prosecuting class actions, including actions involving the application of state and federal wage-and-hour laws.  AH Decl. ¶ 24-27.  While acknowledging that some persons might feel that Defendants should pay more and others might feel that Defendants are paying too much, the undersigned are of the opinion that the proposed Settlement represents a reasonable balancing of the various strengths and weaknesses borne by each of the Parties.

Considering the inherent risks, hazards, and expenses of carrying the case through trial, Counsel is of the opinion that the settlement is fair, reasonable, and adequate.

**V.    Conclusion.**

The settlement is fair, reasonable, and adequate.  The Court should grant final approval.

Dated:  April 26, 2024

*Alan Harris*
_____

Alan Harris
*Attorney for Plaintiffs*

# PROOF OF SERVICE

I am an attorney for the plaintiff(s) herein, over the age of eighteen years, and not a party to the within action.  My business address is Harris & Ruble, 655 N. Central Ave., 17th Floor, Glendale CA, 91203.  On April 26, 2024, I served the within documents:

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

<u>Electronic Service:</u> I caused the above-entitled document(s) to be served through the CM/ECF system addressed to all parties appearing on the electronic service list for the above-entitled case and on the interested parties in this case:

PAUL HASTINGS LLP
Stephen L. Berry
stephenberry@paulhastings.com
Blake R. Bertagna
blakebertagna@paulhastings.com
695 Town Center Drive
Seventeenth Floor
Costa Mesa, California 92626-1924
Telephone: 1(714) 668-6200
Facsimile: 1(714) 979-1921

I declare under penalty of perjury that the above is true and correct. Executed on April 26, 2024, at Los Angeles, California.

_____
Min Ji Gal

PLAINTIFFS'~ NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT