Alan Harris (SBN 146079)
David Garrett (SBN 160274)
Min Ji Gal (SBN 311963)
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale, California 91203
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
dgarrett@harrisandruble.com
mgal@harrisandruble.com

Attorneys for Plaintiffs
William Mann and Alex Rojas

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| WILLIAM MANN, ALEX ROJAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABC SIGNATURE, LLC, a Delaware Limited Liability Company; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware Corporation; JAMES M. KAPENSTEIN, an individual,<br><br>Defendants. | Case No. 2:22-cv-06628-SSS-DTBx<br>Assigned to Hon. Sunshine S. Sykes<br><br>(Consolidated with Case No. 2:23-cv-02652-SSS-DTBx)<br><br>**AMENDED ORDER AND JUDGMENT GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEY'S FEES, REIMBURSEMENT OF COSTS AND INCENTIVE AWARDS [Dkt. 60, 61]**<br><br>Action Filed: March 9, 2022<br>Removed:    September 15, 2022 |

On July 19, 2024, the Court heard Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement and Motion for Award of Attorney's Fees, Reimbursement of Costs and Incentive Award in the above-entitled action (the "Action"). The Court has considered all papers filed, other information presented, and based on those papers and any other information presented, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court grants final approval of the settlement based upon the terms set forth in the Amended Stipulation of Settlement and Release ("Settlement" or "Settlement Agreement") between Plaintiffs William Mann and Alex Rojas ("Plaintiffs") and Defendants ABC Signature, LLC ("ABCSL") and Twentieth Century Fox Film Corporation ("TCFFC") (collectively "Defendants").

2. Capitalized terms used in this Order are as defined in the Settlement Agreement.

3. The Court further finds, for settlement purposes only, that the requirements of Federal Rule of Civil Procedure, Rule 23, are satisfied. Therefore, the Court certifies, for settlement purposes only, the following Class as defined in the Settlement:

> [A]ll individuals employed by Defendants in California as a non-exempt employee during the Class Period. The Class Period for any Class Member employed by both of the Defendants shall commence on the earliest date of the Class Period that applies to the Class Member.
>
> The "Class Period" for identifying Class Members means the period from (1) February 10, 2018 for any Class Member formerly or currently employed by TCFFC, and (2) March 9, 2018 for any Class Member formerly or currently employed by ABCSL, and continuing through . . . the date of preliminary court approval of this settlement [, which occurred on March 4, 2024].

(Settlement, at ¶¶ 4, 6.)

4. The Court finds that the proposed Settlement is fair, adequate and reasonable to the Class when balanced against the probable outcome of further litigation, given the risks relating to liability and damages and, therefore, meets the requirements for final approval. Based on the record, the Court finds that the Parties engaged in extensive investigation and research allowing them to reasonably evaluate their respective positions

1  and that at this time would avoid substantial additional costs by all Parties, as well as the
2  delay and risks that would be presented by the further prosecution of the Class Action.
3  The Settlement was reached as a result of extensive, arms-length negotiations utilizing an
4  experienced third party neutral and after a full day of mediation.

5.  The Court grants final approval of the Settlement as set forth in the Settlement Agreement.  For settlement purposes only, the Court finds that Plaintiffs are adequate representative of the Class and appoints them as such.  For settlement purposes only, the Court further finds that Harris & Ruble ("Class Counsel") have adequately represented the Class and are appointed as Class Counsel.

6.  The Court determines that the Parties substantially complied with the distribution of the Class Notice to the Class in the manner and form set forth in the Preliminary Approval Order filed on March 3, 2024, and that the Class Notice provided to the Class was the best notice practicable under the circumstances and constituted due and sufficient notice to all persons entitled to such notice.  The Court confirms CPT Group, Inc. ("CPT") as the Settlement Administrator.  The procedures for paying the settlement administration costs, as set forth in the Settlement are approved.  CPT is directed to perform all responsibilities of the Settlement Administrator as set forth in the Settlement Agreement.

7.  The Court determines that the procedures required by the Preliminary Approval Order have been carried out and satisfy due process requirements such that all absent Class Members have been given the opportunity to participate fully in the approval process.

8.  There were 59 valid Objections to the Settlement. There were 54 valid request for exclusion to the Settlement in response to the Class Notice.  The names of the opt outs are listed in the attached **Exhibit 1**.

9.  Defendants and the other Released Parties shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Settlement Agreement or the Individual Settlement.

10. By this Judgment, the Class Representatives shall release, relinquish, and discharge, and each member of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims, as defined in the Settlement Agreement, and this Judgment shall constitute res judicata and collateral estoppel with respect to any and all such prior, current, or future released claims of all members of the Settlement Class other than those who timely requested to be excluded from the Settlement. Specifically, as set forth below and in ¶ 18 of the Settlement Agreement:

> Upon entry of final judgment and funding of the Total Settlement Amount, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Class Members (other than those who timely request to be excluded in accordance with the terms of the Settlement) will release and discharge Defendants, and all of Defendants' current and former parents, subsidiaries, and affiliates, and its current and former officers, directors, employees, partners, shareholders and agents, and the predecessors and successors, assigns, and legal representatives of all such entities and individuals (the "Released Parties"), from any and all wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, including, but not limited to, statutory, constitutional, contractual or common law claims for unpaid wages, damages, unreimbursed business expenses, civil and statutory penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief within the following categories of allegations in the Lawsuit and/or arising from those allegations: (a) failure to pay wages, including unpaid minimum wages and overtime premium pay; (ii) failure to correctly calculate the regular rate for overtime pay and/or payments for non-complaint meal and/or rest periods; (iii) failure to provide meal and/or rest periods in accordance with applicable law, including payments for meal and/or rest periods; (iv) unreimbursed business expenses; (v) failure to timely pay wages, both during employment and upon termination of employment; (vi) failure to provide accurate itemized wage statements; and (vii) all civil and statutory penalties, other than PAGA penalties ("Class Members' Released Claims") arising from February 10, 2018, through the date of final court approval of the Settlement ("Class Release Period"). The Class Members' Released Claims include without limitation claims meeting the above definition(s) under any and all applicable statutes, including without limitation the California Labor Code §§ 96 through 98.2, et seq.; the California Payment of Wages Law, California Labor Code §§ 200, et seq., including California Labor Code §§ 201, 202, 203, 204, 226(a), 226.2, and 226.7 in particular; California Working Hours Law, California Labor Code §§ 500, et seq., and §§ 510, 512, and 550-554 in particular; California Labor Code §§ 1194, 1197, and 1197.1; California Labor Code §§ 2802 and 2804; the California Unfair Competition Act, and in particular, California Bus. & Prof. Code §§ 17200, et seq.; PAGA; California Civil Procedure Code § 1021.5; and any other provision of the California Labor Code or any applicable California Industrial Welfare Commission Wage Orders, in all of their iterations.

11. In addition, by this Judgment, the Aggrieved Employees shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims, as defined in the Settlement Agreement, and this Judgment shall constitute res judicata and collateral estoppel with respect to any and all such prior, current, or future released claims of all Aggrieved Employees. Specifically, the Aggrieved Employees fully and finally release and forever discharge Defendants and the other Released Parties as set forth below and in ¶ 18 of the Settlement Agreement:

> [U]pon entry of final judgment and funding of the Total Settlement Amount, all Aggrieved Employees are deemed to release, on behalf of themselves and their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, the Released Parties from all claims for PAGA penalties that were alleged, or reasonably could have been alleged based on the PAGA-related facts alleged in the Lawsuits, and Plaintiffs' PAGA notices to the LWDA, including for (a) failure to pay wages, including unpaid minimum wages and overtime premium pay; (ii) failure to correctly calculate the regular rate for overtime pay and/or payments for non-complaint meal and/or rest periods; (iii) failure to provide meal and/or rest periods in accordance with applicable law, including payments for meal and/or rest periods; (iv) unreimbursed business expenses; (v) failure to timely pay wages, both during employment and upon termination of employment; and (vi) failure to provide accurate itemized wage statements ("Aggrieved Employees' Released Claims") arising from February 10, 2021, through the date of final court approval of the Settlement ("PAGA Release Period"). All Aggrieved Employees shall be deemed to have finally and forever released the Released Parties from the Aggrieved Employees' Released Claims, even if they validly exclude themselves from the Class Settlement and/or do not accept or cash their Individual Settlement Payments.

Aggrieved Employees are defined as:

> [A]ll persons employed by one or both of the Defendants in California in a non-exempt position during the PAGA Period. The PAGA Period for any Aggrieved Employee employed by both of the Defendants shall commence on the earliest of the dates of the PAGA Period that applies to the Aggrieved Employee.

> The "PAGA Period" for identifying Aggrieved Employees . . . means the period from (1) February 10, 2021 for any Aggrieved Employees formerly or currently employed by TCFFC, and (2) March 9, 2021 for any Aggrieved Employees formerly or currently employed by ABCSL, and continuing through the date of preliminary court approval of this Settlement [, which was March 4, 2024].

12. The Settlement is not an admission by Defendants, nor is this Order a finding of the validity of any claim or allegation in the Action of any wrongdoing by Defendants. Neither the Settlement, nor any document referenced therein, nor any action taken to carry out the Settlement, will be (a) construed as or used as an admission, concession or indication by or against Defendants of any fault, wrongdoing or liability, including any concession that certification of a class other than for purposes of settlement would be appropriate in this Action or in any other case or an admission that any of Defendant' defenses in the Action are without merit, or (b) disclosed, referred to, or offered in evidence against Defendants in any proceeding except for purposes of effectuating the Settlement. However, the Settlement may be admitted in evidence and otherwise used in any proceeding to enforce its terms, or in defense of any claims released or barred by the Settlement.

13. The Court has reviewed all documentation submitted in support of the request for an Incentive Award for Plaintiffs for their efforts in bringing and prosecuting this case, and the final risk undertaken in bringing the action. Applying these standards, the Court approves a class representative Incentive Award in the amount of $5,000 to each Plaintiff, which the Court determines to be fair and reasonable.

14. The Court awards $1,600,000 in attorney's fees and $19,973.78 in actual costs to Class Counsel, which the Court determines to be fair and reasonable.

15. The Court hereby approves a payment of $130,500 to CPT for its services as settlement administrator.

16. The Court hereby approves a payment of $75,000 to California's Labor & Workforce Development Agency for the settlement allocated to alleged penalties under the California Labor Code's Private Attorneys General Act of 2004 ("PAGA"). Cal. Lab. Code §§ 2699, 2699.3 and 2699.5.

17. In sum, the Court awards the following: (1) $1,600,000 for attorneys' fees; (2) $19,973.78 in attorneys' costs; (3) $5,000 to each Plaintiff, totaling $10,000 as an incentive award; (4) $130,500 for settlement administration costs; (5) $75,000 to

California's Labor & Workforce Development Agency to for the settlement allocated to alleged penalties under the California Labor Code's Private Attorneys General Act of 2004 ("PAGA"); and (6) $25,000 to be distributed to the Aggrieved Employees.  The gross settlement amount is $4,800,000 and the net amount to be distributed to the Class Members is $2,939,526.22.

18. The Parties shall bear all their own costs and attorneys' fees, except as otherwise set forth in the Settlement or this Order.

19. The Parties are hereby ordered to comply with the terms of the Settlement Agreement as well as the orders made by the Court on the record.

20. By means of this Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

21. Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

22. This action is dismissed with prejudice as to the claims released by the settlement.

23. An appearance case review is set for March 21, 2025.  A Declaration from the Administrator, summarizing all distributions made pursuant to the approved Settlement, is due on March 7, 2025.

**IT IS SO ORDERED.**

Dated: July 29, 2024        By: _____
                                              Hon. Sunshine S. Sykes
                                              U.S. District Court Judge

## **EXHIBIT 1 – Opt Outs**

1. Alch, Michael
2. Alfieri, Ryan N
3. Amara, Tony
4. Anaya, Richard J
5. Ancrum, Esther A
6. Bonner, Michael
7. Carstensen, Candy
8. Ciancetta, Paul C
9. Connor, James P
10. Cook, Ashley D.
11. Costa, John
12. Derricks, Clinton
13. Ellis, Stephen L
14. Elvington, Joseph
15. Flament, Julien
16. Gallagher, Patrick
17. Garner, Michael
18. Gonzalez, Jason
19. Goyer, Jeffery T
20. Herrera, Ivan J
21. Hibler, Hunt
22. Holden, Dan
23. Holmes, Jeffrey R
24. Houchins, Thomas W
25. Hummer, Jody L
26. Ibarra, Gerardo F.
27. Izquierdo, Alejandro
28. Johnson, Matthew
29. Keaton, Mckenzie M
30. Landelius, Peter H
31. Latela, Michael
32. Lomeli, Aaron
33. Lujano, James P
34. Mitre, Anthony
35. Montiforte, Michael
36. Ocain, Timothy P
37. Orcino, Mitchell J
38. Perez, Louis
39. Ritter, Tony

40. Romero, Timothy M
41. Samiljan, Daniel B
42. Santos Jr, Frank
43. Schroer, Daniel R
44. Simms Jr., Arthur
45. Squire, Azia
46. Staples, Wesley W
47. Strong, Lauren D
48. Vradenburg, Brandon
49. Waers, Ron C
50. Ware, Kenya D
51. Wilson, Gregory
52. Workman, Douglas
53. Zaffina, Edward
54. Zucker, Benjamin J